SAMUEL H. HURST ET AL. v. ABRAHAM PHILLIPS ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—312.]

**Appeal from Report of Sale of Real Estate.**
> Where no exceptions are filed to the report of sale of real estate, and no action thereon had by the court, no appeal can be prosecuted from the report of such sale.

### APPEALS FROM WOLFE CIRCUIT COURT.

March 10, 1881.

OPINION BY JUDGE HARGIS:

The appellants, Hurst and Landsaw, were parties to several of the original actions before their consolidation, and they remained parties until the suits were consolidated and proceeded to judgment. The sale of the lands under the mortgage to Hurst and Chambers, and their purchase by appellee, Combs, was reported by the commissioner to the court. No exceptions were filed to the report, but action thereon was postponed until the following term. No appeal can be prosecuted from the report of sale because it was never excepted to nor acted on by the court. Combs' purchase, however, invested him with an unencumbered title to the lands; and his adverse occupancy and claim of the lands for a period of more than fifteen years, and his purchase from Johnson's widow and heirs, would have invested him with a complete and unencumbered title but for the mortgage which has been discharged by him, and whether the sale is confirmed or not makes no difference to his title.

The petitions for a new trial do not state a single ground for vacating or modifying the judgment. They are arguments to show the supposed errors of the judgments which can be reached only by an appeal which has been taken; but no error has been shown therein, for the above reasons, and because the record filed as an exhibit shows that the appellants were parties and participated in the original proceedings, and we can see no error in sustaining the demurrer to each of the petitions. As Combs' title is perfected the appellants can not recover a judgment for his lands against the other parties to the record.

Wherefore the several judgments appealed from are *affirmed.*

*W. L. Hurst, for appellants.*

*J. E. Cooper, for Combs.*